Your Honors, I'd like to reserve two minutes for rebuttal. Good morning. My name is Stephanie Ayers. May it please the Court, I'm here on behalf of Appellant Leslie Kerr. This Court has previously ruled in this case and remanded directly to the District Court Judge on two claims. A Title VII retaliation claim and a Whistleblower Protection Act claim. The  and ordered the trial court to give us a trial on those issues and proceed consistent with their instructions. Both the parties went back to go to trial with the understanding that we were there on a mixed case complaint and had a pre-trial status conference as to how we were going to deal with the Whistleblower Protection Act claim. The plaintiff suggested that we have an advisory jury if in the event the District Judge found there wasn't a jury trial available. The government discussed that with us and then very late in the case all of a sudden the government files a motion claiming that there was no subject matter jurisdiction under the Whistleblower Protection Act in the first place. Thus not only had they invited the District Court to rule on two previous summary judgment motions claiming they had subject matter jurisdiction and invited the Ninth Circuit to rule on those, they now claim that neither this Court nor the District Court should ever have done any of that. So you're saying they were barred from raising subject matter jurisdictions? I agree. It's not really a subject matter jurisdiction challenge though. There's no dispute that there's subject matter jurisdiction. What they're trying to do is backdoor in an exhaustion claim and make that jurisdictional and therefore kick the plaintiff's WPA claim out of court. So that should have been raised and pursued timely and all that was presented to the court was they may have failed to exhaust. What if we disagree with you that it is jurisdictional? Then you're out of court, right? Well, I don't think that's exactly what happens. We don't agree that that's the case at all. But if it is jurisdictional, the previous history of this case makes no difference. Do you agree? I would agree that should you decide that you have no subject matter jurisdiction Well, should we decide that we have to address whether we have subject matter jurisdiction we address it without regard to whether the government raised the issue too late in the game. I guess I understand that. What if we decide we have subject matter or the district court has subject matter jurisdiction just to address the issues but under the law because Congress has definitively set up the appropriate jurisdictional steps there's exclusive jurisdiction that has to be exhausted before the federal court can assume jurisdiction. Which we argue was done with the EEO and then by adding in our WPA claim we brought a mixed case complaint to the district court. How could they have addressed the whistleblowers protection act? The agency put forth that it considered reprisal complaints and the complaint to the IG and its amended letter of acceptance. But the agency found as to your WPA claim the EEO found no jurisdiction, correct? I did not see that anywhere in the record that they found no jurisdiction. So you think the EEO litigated your WPA claim on the merits? I think they may have informed her improperly as to what her rights were. I'm asking you what, in your view, did the EEO, the only place that you brought the WPA claim, did the EEO litigate the WPA claim on the merits? No. Because the EEO said, I think this is a rather direct finding, I have no jurisdiction to consider that claim, right? The EEO would not have jurisdiction over whistleblower protection claims. Under your theory of the case, you can bring this mixed claim to the EEO, the EEO will necessarily have to say I have no jurisdiction to consider the WPA claim, and then you can bring an unexhausted WPA claim in the district court. That's your theory, right? On a mixed case, yes. Okay. Why does that make any sense when Congress rather clearly wanted administrative exhaustion of the WPA claim? It's a little bit longer way of asking the question Judge Fischer was asking, which is, didn't Congress say that what we want WPA claims to be litigated is by having some agency review them and then them coming to the district court and the district court conducting a deferential review of what the agency did? Well, I mean, I don't think that's exactly correct. If you look at the Kleckner case, for instance, there is, Ms. Kleckner filed in, she filed with the EEO, she never fully presented any claim to the MSPB and brought her claim into federal district court. Now they did, the district court there did transfer it to the federal circuit, but they still found that she was able to- There's a different way of appeal, there's two different ways of appeal, and you're relying on the one that gets you into district court, not the one that gets you into the federal circuit. I wish you were there, but you're not, you're here. And so my question is still, isn't it kind of strange to have a scheme that calls for administrative exhaustion of a WPA claim, but you can circumvent it by combining it with a Title VII claim, bringing it to an agency that has no jurisdiction of the WPA claim, and then go directly to the district court? That's what troubles me in the aggregate about your case, so address that for me. I think it's stranger to have a claim where you require an employee with no job whatsoever to file a claim with the EEO, go through that entire process, collect discovery or whatever she's going to do, have that investigated, and then have to go to yet another forum. But she wasn't required to do that. She could have gotten started there. She could not take her unappealable actions to the MSPB. And she had to elect, under the election, I mean she- What was it about her EEO claim that she could not have presented to the MSPB? Anything less than a direct removal she could not claim. So as to the other aspects of her EEO claim, they had to be in front of the EEO. Correct. What were the other aspects that were tried? She was given a 60-day detail. She was given a directed reassignment, a letter of warning, performance appraisal downgrading, things like that. And so the MSPB says we don't have that detail. But you have to elect on the removal where you're going to go. If you come with us first, then you're not allowed to go to the EEO and have these other things considered, and we're not going to consider them. So it's kind of a terrible system set up for employees who are- Apparently Congress is very concerned about whistleblower. Correct. You've given them a particular route to- And discrimination, I would say. But nobody doubts that your discrimination claims are exhausted. That's as far as I know. That may come up next appeal, I don't know. But we're only dealing with the WPA claims here. We are correct. And so I still have the same problem. Whenever you have a mixed case, I guess it's a crazy scheme no matter what happens. But should we end up with a rule that says you're not required to exhaust at all? Well, I mean, that's basically what happened in the case that because she had filed in the wrong forum, the court didn't say you're thrown out. I mean, should that be the case for an employee? You've pursued this case now for 10 years. You've been litigating it. The agency's been litigating it with you. Does fairness say, okay, now suddenly we, after having ruled for the Ninth Circuit and the District Court, have no jurisdiction to have considered this at all, and you're simply dismissed? And I would say it doesn't fully- Well, could you go back? I don't think we'd be dismissed on timeliness like Ms. Klockner was. Why wouldn't there be equitable estoppel? Equitable tolling before the MSP? We certainly asked the judge to do that, and he simply is like, maybe you were told, maybe you're not, but I can't say. I can't remand it to them because you never filed with them, so there's no entity to remand it to. I don't think he ruled out or ruled on your timeliness issues. If he did, I'd like you to point out where he did. No, he didn't. He said this care may or may not be correct. Maybe she told the limitations, maybe she didn't, but he simply just threw up his hands and did nothing with it. He didn't rule on it because it wasn't in front of him. We presented it to him and said this- You may have presented it to him, but there was no reason for him to decide it because no agency had told you you were untimely on it. It seems like that issue has to be presented to the Merit Systems Protection Board first. Well, I mean, certainly could we file- I mean, I think it would be a dismissal immediately like the Supreme Court case where she was filed untimely and then we're back at having advanced nothing after ten years. Well, you told I think EEO at the outset you were going to go ahead and then you would file with and then you didn't do that, or your client didn't. Have you represented her throughout? I have. Okay. I'm not faulting you, I just- so they raised it as the option and you seemed to understand the option and then said that's what we're going to do. We want to go through the EEO and then we'll take our whistle ablors WPA2 MSPB and then you didn't follow through on that, so I don't know how that cuts on equitable tolling, but at least you were aware of that potential avenue. Well, once we reviewed both the statute and the case law, it was clear that under the plain language of the statute, 5 U.S.C. 7702, the applicant can go into federal court where there may be an appeal to the Merit System Protection Board and a form of discrimination. An appeal of what? What does the statute say? An appeal of the decision, right? Notwithstanding any other provision of the law, except as provided. It says you may appeal the decision, and the decision of the EEO was that- when you look at the direct appeal, the decision of the EEO was that he or she had no jurisdiction. You could appeal that decision to the district court, but does the statute provide that you can then go up to the district court and re-litigate the merits? I don't think the plain language of the statute says that. It says that you can the agency, whatever decision they make, shall be a judicially reviewable action unless you appeal to the board. So following that- So the agency's action was to say- what's judicially reviewable is the agency's decision that it has no jurisdiction, which you agree with. It had no jurisdiction. I agree that the agency said it had no jurisdiction. But don't you all agree that the EEO has no jurisdiction to litigate a WPA claim? Yes, I would agree with that. So I guess all the statute says is that the decision of the agency is appealable. It doesn't say that you get a trial de novo on the merits in the district court, does it? No. Direct language is that it's an appeal, not that you're- whatever. It's not specifying exactly what you get. Though I agree there may be a record review, but the judge simply didn't give us any guidance on what it would be at the time, just dismissed us. Let me clarify one thing you said. My understanding is you have one option, which is to appear before both the EEO and the MSPB. That would have been you go to the EEO to litigate your Title VII claims and then, once they've ruled, then you could go to the MSPB and exhaust there and then you could get into district court. On both claims? On both claims. And that's what you said initially that's what you were going to opt to do. So do you agree that that was one option? That was one option, yes. Okay, and then the second option, as I understand it, and you can correct me if I'm wrong, the second option is to skip the EEO and go directly to the MSPB which will treat it as a mixed case and will address the WPA and will also have ability to rule on the Title VII issues. And you seem to indicate that no, that's not a blanket ability to litigate. You can only litigate an actual, what, termination? It was a removal, yes, but anything less than that we were not able to litigate. And that's a matter of the regulations or what? The precedent? Yes, that's the precedent. Were there any other options? Those were the two options, right? You seemed to think there was a third option. Do you think the third option is to go to the EEO, have the EEO tell you I can't help you with respect to your WPA claims, and then take those WPA claims directly to the district court where they will be litigated de novo? You'll get a trial. You'll get a trial, I'm not sure, yes. I'm not clear that the WPA will give you a full trial. It may be a record review, but in any event... A determination without any deference to the agency. Well, the statute contemplates that you're going to see the agency's reasons and review that, maybe the judge is doing that. Let me ask it differently. Had the MSRP litigated your case, had you brought it there, and if they found against you under WPA on the merits, the district court would review that finding under administrative review, correct? There is a deferential standard. Correct. But if there is no agency finding, there's nothing to give deference to, is there? There is not. The statute does contemplate that because there are provisions to opt out if the agency hasn't issued a decision. That's the way the agency just shirks its duty. Surprise, surprise happens, of course. Aside from shirking duty, there's no record to review when the agency simply doesn't make a decision. How could Congress intend for there to be just a record review, yet provide this opt-out provision for the people who are lucky enough to suffer from the agency's delays? You wanted to save some time. We let you go over your time, so I'll give you a minute or two for rebuttal. Thank you. May it please the Court, Charles Scarborough, Department of Justice for the Secretary of the Interior. The district court in this case correctly held that it lacked jurisdiction over a plaintiff's whistleblower protection act claim. A party seeking to pursue a WPA claim must first present that claim to the Merit Systems Protection Board, and one thing is clear, she cannot bypass  MSPB because review of the adverse MSPB decision is the exclusive means to get to court. Assume that that's correct. What does she do at this point? At this point, she's fully litigated her Title VII. What did she do with her WPA claim? Her WPA claim, I think she's forfeited it. Why? Because the district court didn't have jurisdiction to entertain it. As this court said in Sloan, when you get to a decisional point... It took the government a long time to even begin to assert that there was a lack of pure subject matter jurisdiction. It's true, Your Honor. There were a lot of claims in this case initially. There were two fundamental claims, whistleblower protection and an EEO claim. Correct, Your Honor. They're pretty distinct. I understand. What I'm trying to say is that the government believed it had a distinct path of threshold dismissal on the Whistleblower Protection Act case. That turned out to not be true. This court in the prior appeal reversed that. The government was focused on another threshold path. It's unfortunate that we missed the jurisdiction. Let's assume that there was no jurisdiction in the district court to hear this case. We still have someone who brought a WPA claim in the EEO. Correct? To the EEO? Yes, brought one to the EEO and was told by the EEO and by the MSPB, you can't bring it to that entity. To be fair, they said, look, there's two routes. One is to bring both of the claims to the EEO and then appeal them to the MSPB. Correct? Correct, Your Honor. Or the other one is just bring them both to the MSPB first. She chose route number one. Then she thought she had the right to appeal directly to the district court. Contrary to what she had been told. Okay, but consistent with what at least some circuits have said. In factually distinguishable cases. Yes, not in WPA cases. I want to make that clear. Now we've sorted all this out. I finally say at the end, we agree with you. No jurisdiction in the district court. Why does that bar her at this late day from just going to the correct agency, appealing the decision of the EEO, and getting this case decided on the merits? She could try that. She could have tried that as soon as the district court ruled against her on jurisdiction. She didn't. We're here now. I guess I'm asking for what the government, and you may not be able to give it to me. If she tries that, what's the government's position? I'm not sure what the government's position would be. I think one thing is clear is that it would be for the MSPB to decide whether this confluence of circumstances gives rise to some sort of equitable tolling claim. I'm not prepared to stand up here and say the government wouldn't say that these circumstances don't give rise to equitable tolling. In particular because she's waited. The district court decided it in, I believe it was July of 2014. Two years have now elapsed, and there's been no effort to go to the MSPB during the pendency of this appeal. I'm not going to stand here and pretend like the government wouldn't say something about timeliness before the MSPB, but I think that's for the MSPB to decide. Did the district court really lack subject matter jurisdiction? Or is it just that the remedy is an exclusive remedy? I'm not sure precisely the distinction you're trying to draw. It may lack statutory jurisdiction. Lack of statutory jurisdiction in a way that is non-waivable is the critical point for purposes of our appeal, and I think the Sonotimo case is the one that's most important there, which recognizes that certain time limits are waivable things. If you don't go to the EEOC within a certain amount of time, that's a waivable type of thing. But the fundamental prerequisite of presenting your claim to an administrative body that has made that claim, that's not a waivable thing in coming to court. Otherwise you don't have, as the court has said in numerous questions here, you don't have a judicially reviewable action to which you can then apply your deferential record review. It's more like exhaustion. It's akin to exhaustion or proper... And sometimes exhaustion is not pure subject matter. Understood, Your Honor. That's why I'm trying to explain that this is using it in the sense of being properly presented to the agency that has the authority to adjudicate the claim. The one thing that is sort of clear among all this complicated stuff, as the D.C. Circuit said in the Stella case, is that under no circumstances do you have a right to come in on your WPA claim and present it to the district court in the first instance. So tell me why the 10th Circuit... And I understand the facts are different, but why is the 10th Circuit's reading of the statute seems to be consistent with your opponent's reading, which it says once you lose in front of the agency you can appeal to the district court. That's the Wells case. Yeah, the Wells case is a strange case. Ultimately the government... And again, I think it sort of leapfrogs the jurisdictional issue because eventually the government wins on the merits of those claims. And our reading of Wells is that it doesn't analyze the jurisdictional component very... But its analysis must necessarily be wrong to the extent it analyzes it under your view. It can't implicitly be wrong. I think that we certainly... Again, we didn't have a chance to petition for a re-hearing. We won, ultimately. The key point about that case is that there was a retaliation claim. It was, as I recall, a disability discrimination retaliation claim. And the whistleblower claim was sort of appended to that. And the court said that the Whistleblower Protection Act claim sort of failed for the same reasons as the Title VII component of the case. And then it did do a jurisdictional analysis. I'm not shying away from that. I think it got it wrong in the sense that it didn't recognize that you didn't have a judicially reviewable action that had a component of Whistleblower Protection Act. And the D.C. Circuit has dealt with this issue. There is that unique jurisdictional provision, 7702E, that allows you, if the agency or the MSPB has taken too long in rendering a decision... It's treated as if it's an adverse decision on their merits. That's correct, Your Honor. And the D.C. Circuit in the Icosi case sort of spoke to, well this is very strange because now all of a sudden we have a case where we don't have the record that we need to review on the WPA claim. And what do we do with this situation? And it suggested that the district court should stay the case and wait for the agency essentially to do its job and create the record and decide the case. Sort of as a matter of administrative prudence. But that case, you don't have that situation here in the sense that 7702E is a special jurisdictional provision that allows you to go to district court in a mixed case when the agency hasn't done its job. That does not in any way allow you to not present it to the agency in the first instance to allow it to do its job. It seems a little odd. There's a lot of things that are odd about this scheme. I'll give you that, Your Honor. But again, sort of the foundational principles is one thing is clear, and this court has said it, you know, just as the D.C. Circuit has said it. It said it in the Rivera decision and the D.C. Circuit has said it in Stella, is that under no circumstances do you get to come in and litigate a WPA claim in the first instance here. And I will note, although it's an unpublished decision, we did cite the Heckman decision by a prior panel of this court, which dismissed sua sponte. It had a favorable decision for the government on WPA claim, but actually went back and made the point of dismissing the WPA claim on jurisdictional grounds because it did not... And you have a published decision in Sloan that uses the right language. But in a slightly different context, but in a revealing context, because there you're talking about sort of the difference between MSP dismissals on jurisdictional grounds versus procedural grounds. And in Sloan, this court, like every other circuit to have addressed the issue, said when the MSP dismisses on jurisdictional grounds, it's saying I don't have a mixed case. So you can't therefore come to district court and the appeal goes to the federal circuit. That remains good law after Klockner. The D.C. Circuit actually just had a decision ruling on that. And that is revealing. It shows that you basically have to respect however strange it may seem, all the various routing mechanisms of the CSRA, you have to respect those routing mechanisms and you do have to present your claim fundamentally to a tribunal that has the authority to adjudicate that claim. And as I understood, counsel conceded, because I think she had to, that the EOC doesn't have authority to adjudicate the WPA claim. And that really, in our view, ends the matter. And to the extent that this may be viewed as sort of a trap for the unwary, very confusing scheme, that sort of thing, there was a lot of communication back and forth in this case. We've cited the places in the brief where the MSPB said, look, you have to elect your remedies. If you want to come back here to bring your removal, your WPA claim challenging your removal, you have to come back here. And quoted at an excerpt of Record 167, quoted counsel saying, okay, I'm going to come back here. I'm electing to go to the EO now, but I'm going to come back here. I'm going to file a new appeal to the board. That didn't happen. Can you address counsel's argument that if you've gone to the MSPB and exercised the option to not go to the EO and brought both claims, the mixed claims to the MSPB, that they would only address under the Title VII discrimination issue only address removal as opposed to the other issues she said are embedded in the case? That's correct, Your Honor. I think what she was referring to is the provision. It's 5 U.S.C. 7512, which describes the types. It's five major personnel actions that are directly appealable to the MSPB. One of them is removal. One of them is a suspension of more than 14 days. They're sort of the big core personnel actions. And so if you don't have one of those, you can't go directly to the MSPB. You have to go through the Office of Special Counsel. And again, for the WPA, there's a special set of...a special statutory scheme. It's Section 1214 that prescribes if you want to say that the Whistleblower Protection Act has been violated with respect to sort of one of the lesser personnel actions, you have to use the 1214 mechanism, go to the Office of Special Counsel, and you will eventually, after exhausting that, get to the MSPB. But the Office of Special Counsel, can it hear your EEO claims? It cannot hear your EEO claims. That's correct. So under one circumstance or another, she would have had to bring two cases had she wanted to pursue, would you say, both her lesser claims and her... And it's one of the strange things about the mixed case regime. In some respects it is a bit unwieldy. I think everyone has recognized that. This court has characterized it as a jurisdictional Gordian knot in the Sloan case. It's complicated, but the one thing sort of...at bottom, it makes sense that at least as to the WPA claim, that you know can't go to the agency EEO process. It has to go somewhere. It's reviewed on the record. The cases make that very much clear. It has to go somewhere that can decide the claim and give a court something to review on the arbitrary and capricious deferential standard. Unless there are any further questions, I'm happy to sit down. Thank you. Thank you, counsel. Thank you, your honors. I just wanted to point out that the Klockner decision sets up a very simple test for what your jurisdiction is. And is it, was she affected by an action that was appealable to the MSPB and was there alleged discrimination prohibited by a federal law? That's it. That's what the Supreme Court has said as to your jurisdiction to decide these type of mixed cases. And it doesn't set up any kind of...that's a separate issue whether you think she committed some kind of failure to exhaust. It doesn't implicate your subject matter jurisdiction to handle this claim. Thank you. Okay. Thank you, counsel. Matter submitted at this time.
judges: Fisher, Paez, Hurwitz